May it please the Court, Matthew Girardi of Bursar and Fisher P.A. for Plaintiff Appellant v. R. I would like to reserve two minutes of my time for rebuttal. Your Honors, I'd like to take my time today to highlight what I view as the three key errors that the lower court made in ruling, in dismissing plaintiff's case. First, the lower court erred in not reaching the merits of plaintiff's void allegations and instead conflating them with his allegations regarding disaffirmation. Lower court held that even for his claims that a contract was void ab initio, that he needs to request a refund from Roblox for that dispute to be ripe. And that's error. That dispute was ripe. Let me ask you this, what's this, what really is the theory of your case? The void claims, Your Honor? Just tell me what, just, what are you after here? So I would categorize that as two separate things. In the first instance, plaintiff claims that his contracts with Roblox were void ab initio, they never existed, and seeks a complete refund of all said contracts because they are for a personal property that was. So the district court said, well, you know, there really isn't a controversy here because you could ask for the money back, you'd get it. Well, that brings to me, sorry. No, so isn't that what the district court essentially said? Yes, that is what the district court essentially said. I would say the district court got it wrong because this case is not about whether or not one minor can disaffirm a contract. With this case and what plaintiff's seeking here, plaintiff has UCL claims, plaintiff... But yet your plaintiff has to have suffered some, some injury in fact. So what's the injury? Well, plaintiff has spent money on, pursuant to a void contract. That is one injury in fact. But if, so, I mean, this gets to the merits, maybe not jurisdiction, but to win that you'd have to say that no kid can buy anything in a video game. And do you really think that that's true? I would push back on that, Your Honor. This is not a classic video game where people, you know, I go to Walmart, I buy a compact disc that has the game on it. Roblox is a free-to-play platform where players purchase virtual currency and then use that virtual currency to buy virtual items. And... Okay, so maybe I should limit my question to no kid can buy anything within a video game. Again, I would still disagree. The whole point of, the whole reason that a California law does not allow minors to make contracts for a personal property not in their possession, custody, or control is to protect minors from themselves, from making contracts that they don't understand. And there are ways around that if Roblox so chooses. They could, instead of, you know, giving licenses, they could give an unrevocable right to whatever they purchase. They could also contract directly with parents, which appears to be what happened in the YH case. I'm confused. So you're saying a child could enter, could buy something with an unrevocable right? Or what are you saying about that? I thought you were saying, I thought your voidness argument depends on the idea that a child could enter any kind of contract in this, in this realm. No, if, if the, if there was no licensing issue and the child did in fact get a unrevocable right, then the personal property would be in his immediate possession, custody, or control. So, so your, your, your claims are really all about void ab initio? No, your honor. Or voidability? No, your honor. Well, at first I would point out that alternative pleading is allowed at the pleading stage. And the disaffirmation claims are about Roblox operating what we allege is an illegal refund policy with respect to this affirmation. You're saying the refund is a de facto refund policy? I beg your pardon, your honor? What are you saying about the refund policy? Just so I understand. So I'm saying that the refund policy Roblox operates is not legal under California law because it does not properly honor the right of minor disaffirmation. And we pointed to multiple basically illegal points in that policy in Roblox's publicly available documents and also in generally publicly available documents. I couldn't find anything in any of them that said that a youth who tried to disaffirm would be denied. You've sort of cited general policies that suggest an adult couldn't disaffirm and some complaints about things that aren't really about a youth who disaffirmed. So can you point to anything that tells us there's a policy that says a youth can't disaffirm and get a refund? Uh, yeah. I would point to the third-party payment platform representation that Roblox makes. Okay, well you could sue Amazon, but you've sued Roblox. I don't understand how the third-party thing helps you when you don't have Amazon and whoever else are those third-parties here? Well, you can also sue Roblox. That was actually explicitly addressed in the Niantic case. To the extent that the defendant does retain the funds that were paid by the plaintiff, you can disaffirm the contract with that defendant. Well do we know that? Do we know that Roblox has those funds and not Amazon? It's been alleged. Has it? In the complaint, yeah. Because eventually the plaintiff then spent the money on Roblox. Well, can you tell me where in the complaint it says that Roblox has the money you gave it? Well, I don't even think your client gave money to Amazon. It's all to Roblox, right? Uh, no. We allege in paragraph 10, I believe, of the complaint that the plaintiff made purchases both through Amazon and through Roblox. Oh, okay, sorry. But did you say that the money then went to Roblox? I'm not sure if we said that explicitly, but the logical conclusion, if a plaintiff is buying Robux, virtual currency for Roblox, is eventually that money goes to Roblox. I believe, your honor, that actually if you go on the Amazon store, it says, you know, sold by Roblox. It looks like Roblox has offered a refund, or at least would offer a refund. And looking at the declaration of Gerald Hastie, he says Roblox would have refunded VR if he had disaffirmed the contract prior to filing suit. And I also see the email from counsel dated October 6, 2022, offering to refund VR and asking for his name and the mailing address. So what's your response to that? I just want to understand because it seems like that's why the district court ruled the way they did. And I just would like you to respond to that here. Yes, your honor. Well, first, that really doesn't touch plaintiff's void claims because as I said previously, those claims came right at the time the purchase was processed. There's no need to negotiate with Roblox prior to bringing those. And so why doesn't it address the voidable claim? Because your honor, the first arguable refund offer from Roblox was made at the time Roblox moved to dismiss. And it's a very backward looking representation. And also... How would they know to make an offer to reimburse? They wouldn't, your honor. But as I... Or if you hadn't asked them. Well, as I said, your honor, this is not about whether or not one minor can disaffirm. This is about whether Roblox's policy is illegal. That's why there's UCL claims for illegal actions. That's not why it's... That's why it's not just... Of course... I mean, yes, he does, your honor. But I would say he's been damaged. First off, there is a live dispute. As we pointed to the third party refund policy, we've pointed to the fact that Roblox has explicit representations that Roblox will not refund the virtual currency once it's been spent. We've pointed to FTC complaints showing... But again, this was back to my question. I don't think any of those say that the policy is that a minor who tries to disaffirm will be denied a refund. Unless you can point to... You pointed to this Amazon thing, but I think we get stuck in where the money is. So what else do you have that says that a minor who tries to disaffirm doesn't get a refund? Well, I would point out that the representations of non-refundability are unqualified. The only qualifier, really, Roblox has that even suggested it would refund a minor is the as required by law language. And as we pointed out, first off, that phrase is unconscionably vague, particularly when Roblox is a multi-billion dollar corporation contracting with minors. And I would point you to the Storms vs. Paychecks case for that. Furthermore, to show a controversy here, we... Sorry, I lost my train of thought there. Second, I would also point out that even taking the hasty declaration as entirely true, they impose additional burdens on minors in order to disaffirm their contract. And even that is illegal under California law. If you look at paragraph 7 to 8 of the hasty declaration, it says a minor has to terminate their account and cease accessing the Roblox platform in order to disaffirm their contract with Roblox. And that's a reversal of the burden that should exist when a minor disaffirms. So you're saying you should be able to keep playing the game, but not... And also get your money back? No, Your Honor. Disaffirmance is you have to disaffirm the entire contract. I would say that the plaintiff is then free to attempt to contract with Roblox again. The point here is that the burden should not be on the minor plaintiff to take additional affirmative actions to avail himself of disaffirmation. The burden should be on Roblox to, if it so chooses, not contract anymore with disaffirming minor plaintiffs. I'm just curious, though. Let's say VR had provided contact information and Roblox had refunded him. Would then this case be moot? No, Your Honor. That would have been a pick-off attempt. That was addressed in the YH case, and I know that was eventually overturned by this court, but not on those grounds. I would say the underlying reasoning with respect to mooting out a case retroactively by giving a refund is still good law. I would also say there's binding Supreme Court precedent that pick-off attempts don't moot out class action cases. Let me refine Chief Judge Morgia's question just a little bit. What if that all happened, what if that occurred before you filed the lawsuit? I mean, could you have filed the lawsuit if you had asked for a refund and they refunded you? Well, that's kind of the point, Your Honor. There really is no means to ask for a refund. Roblox says... No, but let's just assume you asked for a refund, and they said, oh, you know, okay, fine, here's whatever amount you're asking for. Here's a check plus basic interest. Could you have filed this lawsuit? Could I have filed it if the plaintiff had, in advance, asked Roblox for a refund and gotten one? I would say no, Your Honor, because his individual claims would have been mooted out at that point. But that's not what happened here. In which contracts do you want to disaffirm? The terms of use or the individual in-game purchases? From my understanding, disaffirmation, he would have to disaffirm all of them in order to receive a refund. And can you explain, back to this sort of merits-y argument about the voidness, this idea that somehow the game could take back the money, and that's why this is void and other kinds of contracts would not be void because they would promise to not take back the money? Is that what your argument is? Yes, Your Honor. In this specific instance, when anyone makes a purchase in Roblox, they don't get an unabridged right to whatever they purchase. What they get is a license. And the California Family Code is clear that a miner can't make a contract relating to any personal property not in the immediate possession or control of the miner. And a contract for a virtual item that is revocable is not in that miner's immediate possession, custody, or control. It would be like if I have a book here, if I hand it to you but kept one hand on it and could take it back whenever I want. But is there any notion that they are taking them back? I mean, I'm not quite sure what purpose that clause has. I can ask your opposing counsel, but it seems like maybe the game could stop existing or something. But as the game is existing, is there any notion that these in-game purchases are being taken back? Yes, Your Honor. Actually, Roblox is particularly notorious for taking it back. There was an entire separate class action. My firm was not counsel in it. But it was specifically addressing Roblox's practice of basically erasing items within their in-game ecosystem and then not refunding people. That case settled. Did that happen to your client? That did not happen to the particular client. But the point is, it's about the control. Roblox has the ability to take it back. And that's an issue of fact, Your Honor. And I do see my time is up. So I'd be happy to continue on that point very quickly. I wanted to ask you a question before you step down. So what do you say is your best case to support that this dispute is ripe? I would point to the TT versus Supercell case. In that case, the defendant, Supercell, had a very similar policy to this one. They also purported to accept the plaintiff's disaffirmation. And Judge Gilliam still held that the dispute was ripe. It's also the only case that's really on point on the void allegations. And Judge Gilliam there held that that was an issue of fact regarding the degree of control exercised by the parties with respect to the virtual items. Thank you. Thank you. Good morning, Your Honors. May it please the Court, Mark Yohalem for Roblox. I want to start with Judge Paez's question about the theory of the case because I think you can find it at paragraph 30 of the complaint, the amended complaint, which says, Roblox operates a policy of refusing refunds to minors who disaffirm their contracts. And that's picked up throughout the complaint. To plead an immediate and certain injury under that theory, two things would have had to happen. Plaintiff would have had to disaffirm and then be refused a refund. And even assuming that the filing of the complaint satisfies the first of those two contingencies, there's absolutely no question that Roblox had not refused a refund, has never refused a refund, and didn't even have the opportunity to give a refund at the time the suit was filed. And because under the time of filing rule, standing has to exist at the time the complaint is filed. It can't grow into existence by the filing of the complaint. That means this case wasn't right. That's something that's apparent on the face of the complaint. It's not something that requires a factual attack. It doesn't require even looking at the policy. I'm sorry, go ahead. Is your rightness argument rooted in Article 3 rightness or prudential? Article 3, absolutely, Your Honor. And if you look at BOVA and St. Clair, I think those are the two cases that control here. In BOVA, you have employees who are contemplating retirement. The city has said that they're not going to get their health insurance benefits when they retire. And they want a declaratory judgment or an injunction saying that they're entitled to those benefits. And this court says no Article 3 standing, because they haven't yet retired. And even if the policy currently is to not give those benefits, that policy might change upon their retirement. And therefore, there was no standing in that case. Now, that's a case where some really extraordinary leap in the dark is being asked of the plaintiffs in that case, that they retire and then find out post-retirement whether they're going to have health care or not. Here, the only thing that would have been necessary to perfect rightness would have been exactly what happened in the Epic case that my friend cites. There, the lawyer for the plaintiff sent a letter to Epic five weeks before filing suit, saying, my client disaffirms and I'd like a refund. And Epic wouldn't give the refund. That's why that case was right. It didn't happen here. Now, the reason it didn't happen here is because, in fact, Roblox would have just given the refund, thus leading to exactly the circumstance that my friend just said would make the case. So do you draw a distinction between void and voidability at all? So, no, because either way, the injury, the theory of harm that the case rests on is the refusal of a refund. The mere fact that the contract is void wouldn't necessarily mean that Roblox has to give the money back. That would mean no miner could ever enter into such a contract. That would be equivalent to saying the contract is prohibited, the transaction is prohibited. That's not how the voidness statute is written. Now, we don't think the voidness statute... But that's a merits argument. So this is where I think I'm losing you a little bit. So I understand your jurisdictional argument for voidability. But as to your jurisdictional argument for why it's void from the start, I think you just jumped to a merits argument. Oh, yeah. So the reason I was doing that jump, Your Honor, is I just wanted to make clear that we're not conceding the merits of that point. But so if we... I mean, I think you could argue a lot of things about the merits, but how can we get there? Or, sorry, why shouldn't we get there? So I think there's an analogy that I think is helpful, which is suppose there's like a musician busker at a farmer's market, as there is in Pasadena, and my daughter goes and puts a dollar in the hat and says, could you play this song? Arguably, that is a contract a miner has entered into. On their theory, it would not be for something immediately in the miner's possession, and it's somehow a void contract. That doesn't mean that the musician has to reach into the hat and give the dollar back. Now, if the musician says, I'm sorry, that's a void contract, or my daughter says, that's not a binding agreement, I don't want you to play it anymore, I want my dollar back, maybe then there is a ripe injury. But until there is some request to get the money back, there is no injury. And here, there was no refund request. Well, why do you need the request for it to be an injury? I mean, again, it's really hard to separate the merits, because maybe you have a great argument on the merits, but if the dollar is with the other side, and that is a void contract, then why doesn't the injury exist? Because the daughter doesn't have the dollar anymore. Because the lack of a contract means that the miner has a right to ask for it back, and is entitled to it back on asking for it. But the law is not written to say, no miner can ever give property to someone else, no miner can ever give money to someone else. It's not written that way. So just as a miner could gratuitously put a dollar in the hat without suffering an injury, so too a miner could gratuitously purchase Robux, and as long as they don't want to rewind that transaction, the enforceability of the contract hasn't come right. So you always have to ask for a refund in order for there to be an injury? If the contract is alleged to be void? Yes, I think that's so, Your Honor. What's your best case for that? Well, so I think the answer would be all of the cases like Bova and St. Clair and Clinton, which say that the injury arises when the other side doesn't perform the thing that it's supposed to perform. But Bova, all of those are breach of contract cases or the plaintiff filed suit before the breach had occurred. You think that's similarly situated here? I think the principle is the same, which is that the other side has to take a step, refuse to take a step, that violates the right at issue. And here the right that my friend on the other side is claiming is the right to a refund. That's shot through the whole complaint. The theory is that Roblox has a policy of not giving a refund. A refund presupposes a request for a refund. That's their theory. I guess I think their void argument would be more like if a child tries to make a purchase, you have to just deny it in the first place and never take the money. Why isn't that how to understand the void argument? So first of all, it's not how it's pleaded. It's not the injury that's alleged. The injury that's alleged is that there's something wrong with the refund policy. So on that theory, Roblox could have a policy that says everyone who wants a refund only needs to call this 800 number, type in the digits how much money you want, and it's going to be sent to you in the mail the next day. And there would still be an injury on that theory, Your Honor, but that's not the theory that's alleged in the complaint. What the particularized injury that plaintiff needs to show is an injury traceable to the wrong that's the theory of the case. And the wrong here rests on this idea of the inability to get a refund. You know, I do... Okay, can you... I guess I'm curious if you can point to a declaratory judgment action between private parties to a contract where the court found that the claims were not yet right. I believe Clinton was a private contract case, Your Honor. So though I think this is a standing case through and through and a rightness case through and through, given the questions, Judge Friedland, that you're asking about the void statute, I want to get to the merits on that because I just think that their argument on the merits is quite wrong. It's precluded by CMD. Now, CMD is not binding. It's a mem dispo. But the court explained there that the statute at issue is about future interests. It's about someone giving up their inheritance before they have it in exchange for something. The sort of quintessential prodigal youth who makes a deal with a loan shark, says, when my trust fund comes due, you can take my trust fund, just give me something right now. That's what it's targeted at. It's not about intangibles at all or refunds at all. It's about these contracts for future interests. And the ramification... I mean, I guess your opposing counsel is saying this sort of is a contract for something in the future because it seems like, I mean, they're saying Roblox sometimes takes them back. So you don't really know that you're getting the thing. Do you have a response to that? But you have the Roblox right now. There's no argument that he didn't have the Roblox at that moment. And so you certainly have the license the moment that you enter into the transaction. It is a revocable license. This can't be done as an irrevocable license. Nothing online can be done that way because then you can't enforce the terms of use. So this is true for YouTube. It's true for Gmail. It's true for Spotify. All of those services are revocable if you violate the terms of use. That right has to exist for the platform to exist. So it can't be done as an irrevocable, right? But also... So the revocation is like a punishment for cursing or I don't know, for some sort of thing that you're not supposed to do? One possibility, right, is that someone engages in a hate speech on the platform or is selling items in the game that have hate speech in it and so their account is banned. That's one way it could be revoked. But, you know, or the platform could go down. There are all kinds of things. But nothing in 6701 talks about revocability versus irrevocability. It's just about whether it's in your possession or control. You can have possession and control over a revocable license. It may not be perpetual control, but it is immediate control. And again, this is just a concept that doesn't really map on to the law as written. The one case that they cite for this, Ivy versus Fife, there the thing that was not in the minor's possession and control wasn't the online item. It was the parent's own money. And the district judge there said that the minor didn't truly have control or possession over her parent's money. And that's why the statute was implicated. That issue isn't here. He had control over his own money and he had control over the revocable license. So for the reasons in both this court's decision in CMD and the district court's decision, the 6701 theory fails on the merits. But I also, again, want to just go back to the standing issue, which is that when your whole theory of the case is that Roblox is refusing refunds, for you to be injured, you have to have been refused a refund. It's just sort of the basic flow of traceability of ripeness as injury on a timeline. I guess, would you agree that the case is ripe if we find that the refund request would have been futile? No, I don't think so. So first, on this record, the court couldn't make that finding. The only evidence in the record is an unchallenged declaration saying whenever anyone disaffirms and asks for a refund, they get it. There's not even an allegation in the complaint of any minor ever disaffirming and not getting a refund. There's not a single one of those many, many complaints that's an exhibit to their opposition in which it says a minor disaffirmed and didn't get a refund. So the undisputed evidence in the record is that upon disaffirmance, you do get a refund. But even regardless, I think the answer, Your Honor, is that you would still be in the territory of BOVA. In BOVA, the policy was these benefits wouldn't be given. And nevertheless, what the court said is, but we don't know what would actually happen if you retired and asked for the benefits. So to here, we have no idea what would have happened if you're going to disre... Well, so, we have a sworn declaration saying it would have happened, but we don't actually know what did happen because there wasn't a request for a refund following disaffirmation. The other thing I want to just home in on is something that my friend said about ROBLOX imposing additional requirements. That's not true. It's not what the hasty declaration says. To disaffirm, you are legally required to stop using the platform. That's what this court held in CMD. It's what every district court my friend says. That's not a ROBLOX rule. That's just the operation of California law requires you to stop using the platform. Likewise, once you've disaffirmed the terms of use, you obviously can't use the platform that's conditional upon agreeing to the terms of use. Of course, they could try to sign back up. But as my friend says on page 8 of his reply brief, ROBLOX is free to refuse to contract with children who previously disaffirmed their contracts. And what the hasty declaration says is, yes, sometimes we might let them sign back up, but we're not guaranteeing that we're going to let them sign back up. What ROBLOX does want to make clear, though, is that we don't want users inadvertently terminating their ability to use the platform merely by asking for a refund. So if a minor says, I'd like to disaffirm and get a refund, ROBLOX will say a consequence of this is that you can't use the platform anymore and that your account is terminated. But that's not an imposition on the users. That's just the ordinary operation of law. Chief Judge Merguez, it looks like you have a question. Well, I just was going to ask you to give me any example or evidence in the record that ROBLOX, in fact, issues refunds to minors who disaffirm contracts. The sworn declaration from a hasty. Yeah, and I'm just trying to figure out, should we put stock? It seems like a conclusory declaration and this is at the motion to dismiss stage. I don't think it's conclusory. It's fairly detailed. But I also don't think it's ROBLOX's burden to disprove standing. It's plaintiff's burden to establish standing. Ultimately, the policy doesn't matter for that. There could be a policy that says you are entitled to a refund 1,000% of the time and a minor would still have the right to disaffirm the terms of use. Disaffirmance is simply outside the terms. It's outside the policy. It's a legal right that is totally separate from the refundability. There is no evidence at all of ROBLOX not allowing the exercise of the legal right to disaffirm or not following the legal steps that flow from a disaffirmance. Then you have the hasty declaration that confirms that, in fact, ROBLOX does take those steps. The other thing is in that complaint itself, there is the allegation that ROBLOX is aware of the disaffirmation right and the legal consequences and the policy says, except as provided by law. And that exception has to mean something. The most obvious thing that it means is in context like this, where you have a statutory right that would allow you to get a refund, the exercise of that right leads to a refund. I see I'm over my time. Thank you, Your Honor. Thank you. There's a few things I'd like to quickly go over here. First off, I'd like to make the point that, with respect to plaintiff's void claims, the actual text of the California Family Code says that a contract can't be made, and I'm now quoting, relating to any personal property not in the immediate possession or control of the minor. A license for personal property is relating to personal property. And as we allege, that is not in the immediate possession or control of the minor because ROBLOX keeps that metaphorical hand on the property and can take it back and has, in fact, taken it back. And I know my colleague pointed out, like, oh, it can be taken away, for example, when someone violates a term of service, but the separate ROBLOX case, the Doe vs. ROBLOX case, we've said in our papers, that was not about those instances. That was about ROBLOX unilaterally canceling items within its game and taking them away without refunds. Moving on very quickly... But, okay, it's enough for your argument is because they have a hand on it, it's not in the possession. So all ROBLOX needs for that is that if you violate the terms of use, we're going to take it back. That's having the hand on it. So let's just put aside the other case for a moment and say the hand is on it because you could violate the terms of use. As a hypothetical, that's the only way. Would you still say that that contract is void? I would say yes, Your Honor. I would also make the point that that's not the circumstances here, and I think that would be a mitigating factor. You're asking for a voidness argument that would mean a child could not make in-game purchases any time there's a revocation possible because of violation of the terms of use. And so that would basically mean because there's always going to be the possibility of a revocation for violation of terms of use that children could not make in-game purchases. And I think that's what your argument is. Is that really what your argument is? I mean, are you saying that that's what the rule should be in California? I think that's not what the rule should be in California. I think that's what the rule is in California. And so we, interpreting California law, though, should I think it's interpreting California law, right? We should guess that the California courts would not let children make in-game purchases? I don't think it's a guess, Your Honor. I think, I mean, that provision has been applied repeatedly. For example, in the Morgan v. Morgan case, the California District Court of Appeals applied the predecessor provision. I could also briefly address the CMD point. That case was dismissed basically rejecting my theory that a license was not personal property in the immediate possession, control, or minor. This court did affirm that decision, but it affirmed it on other grounds. What that case related to was the minor plaintiff's right to publicity, which was in the possession, custody, or control of the minor. The minor had that right of publicity to give away. And that's why this court eventually held that the void claims were no good. Here, it's a very different circumstance. The minor is contracting for something that he doesn't have that possession or control over. So we should say that if a California court had this case, they would say any in-game purchase that could be revoked because of a violation of terms of use would be void. So kids cannot make in-game purchases in California? They can. It's just, it would be a void contract. That means they can't. The whole point, though, is again, the reason this doctrine exists is to protect minors from themselves. Roblox could very easily, and I believe this is what occurred in Blizzard, make sure that parents agree to the terms of use. Roblox doesn't do that. And I think that would be a pretty easy workaround. At that point, if they process the payments for the parents, made sure the parent put in the credit card, agreed to everything, that would allow Roblox to continue contracting, selling items, and not have to really worry about this issue. But that's not what's going on. Roblox allows kids to sign up and unilaterally make payments. Before we conclude, so is this the kind of case that would be subject to mediation? Like we could mediate the class action with Roblox? Any part of this, yeah. Yeah, of course. I mean, I would say as, you know, in representing my client, I'm always open to mediating. Okay. Thank you. Your time is up. I appreciate it. Thank you, Your Honor. Mr. Girardi, Mr. Yoloham, thank you very much for your oral argument presentations. The case of BR versus Roblox Corporation is now submitted. That concludes our docket for today. And we are adjourned. Thank you.
judges: MURGUIA, PAEZ, FRIEDLAND